Hon. Richard A. Jones
Hon. Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KELVIN KIRKPATRICK, an individual,

Plaintiff,

v.

STEVEN AZEVEDO, an individual,

Defendant.

No. 2:19-cv-01566-RAJ-BAT

PLAINTIFF KELVIN KIRKPATRICK'S
REPLY AND AFFIRMATIVE DEFENSE
TO DEFENDANT STEVEN AZEVEDO'S
COUNTERCLAIM

Plaintiff Kelvin Kirkpatrick hereby makes the following Reply and Affirmative Defenses to the

Counterclaim of Defendant Steven Azevedo (Dkt. 11 at 8-14):

## I.  **REPLY**

1.      Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Mr. Kirkpatrick does not dispute that this Court has personal jurisdiction.

2.      Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Mr. Kirkpatrick denies that this Court has supplemental jurisdiction over Deputy Azevedo's Counterclaim.

3.      Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Mr. Kirkpatrick does not dispute that venue in this Court is proper.

4.      Mr. Kirkpatrick admits the allegations in paragraph 4.

PLAINTIFF KELVIN KIRKPATRICK'S REPLY AND AFFIRMATIVE
DEFENSE TO DEFENDANT STEVEN AZEVEDO'S
COUNTERCLAIM - 1
No. 2:19-cv-01566-RAJ-BAT
11890.00\dk26010l

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

5.      Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Mr. Kirkpatrick does not dispute the allegation.

6.      Mr. Kirkpatrick admits that he was required to use his Metro Transit employee badge to ride the light rail while on duty. Mr. Kirkpatrick denies the remainder of the allegations in paragraph 6.

7.      Mr. Kirkpatrick admits the allegations in paragraph 7. Mr. Kirkpatrick states that upon discovering that the ORCA chip in his badge was defective, he notified his supervisors at Metro Transit. Further, his supervisors instructed him to continue tapping his defective badge when entering and exiting the light rail while on duty.

8.      Mr. Kirkpatrick denies the allegations in paragraph 8.

9.      Mr. Kirkpatrick denies the allegations in paragraph 9.

10.     Mr. Kirkpatrick denies the allegations in paragraph 10.

11.     Mr. Kirkpatrick denies the allegations in paragraph 11. Mr. Kirkpatrick tapped his defective employee badge when entering the light rail station on April 15, 2019, as instructed by his supervisors.

12.     Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Mr. Kirkpatrick denies the allegations.

13.     Mr. Kirkpatrick admits the allegations in the first sentence and denies the allegations in the second sentence of paragraph 13.

14.     Mr. Kirkpatrick lacks knowledge of the allegations in paragraph 14, and otherwise denies the same.

15.     Mr. Kirkpatrick admits that he removed his employee badge from its sleeve and informed FEO Lindley that his employee badge was defective and his supervisors instructed him to continue tapping the badge while waiting for a replacement.  Mr. Kirkpatrick denies the remainder of the allegations in paragraph 15.

16.     Mr. Kirkpatrick lacks knowledge of the allegations in paragraph 16, and otherwise denies same.

PLAINTIFF KELVIN KIRKPATRICK'S REPLY AND AFFIRMATIVE
DEFENSE TO DEFENDANT STEVEN AZEVEDO'S
COUNTERCLAIM - 2

No. 2:19-cv-01566-RAJ-BAT
11890.00/dk26010i

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

17.    Mr. Kirkpatrick denies the allegations in the first sentence and admits the allegations in the second sentence of paragraph 17.

18.    The allegation in the first sentence of paragraph 18 states a legal conclusion to which no response is required. Mr. Kirkpatrick admits the allegations in the second sentence.

19.    Mr. Kirkpatrick admits the allegation in paragraph 19.

20.    Mr. Kirkpatrick states that in response to FEO Lindley's demand, he replied that his employee badge was sufficient and reiterated that he was following his supervisors' instructions, to continue using his badge. Mr. Kirkpatrick denies the remainder of the allegations in paragraph 20.

21.    Mr. Kirkpatrick lacks knowledge of the allegations in paragraph 21, and otherwise denies the same.

22.    Mr. Kirkpatrick denies the allegations in paragraph 22. Mr. Kirkpatrick explained to FEO Lindley that his employee badge was sufficient identification.

23.    Mr. Kirkpatrick denies the allegations in paragraph 23.

24.    Mr. Kirkpatrick admits that he told FEO Lindley that he could not get off the train before Stadium Station because he was on duty and needed to report to Metro Transit's Central Base to begin his next route. Mr. Kirkpatrick denies the remainder of the allegations in paragraph 24.

25.    Mr. Kirkpatrick denies the allegations in paragraph 25.

26.    Mr. Kirkpatrick lacks knowledge of the allegations in paragraph 26, and otherwise denies the same.

27.    Mr. Kirkpatrick denies the allegations in paragraph 27.

28.    Mr. Kirkpatrick lacks knowledge of the allegations in paragraph 28, and otherwise denies the same.

29.    Mr. Kirkpatrick admits that he got out of the train at Stadium Station, but otherwise denies the allegations in paragraph 29.

30.    Mr. Kirkpatrick denies the allegations in paragraph 30.

PLAINTIFF KELVIN KIRKPATRICK'S REPLY AND AFFIRMATIVE
DEFENSE TO DEFENDANT STEVEN AZEVEDO'S
COUNTERCLAIM - 3
No. 2:19-cv-01566-RAJ-BAT
11890.00\hk26010r

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

31.     Mr. Kirkpatrick admits he saw the King County Sheriff's deputies walking down the platform in the opposite direction, but otherwise denies the allegations in paragraph 31.

32.     Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, Mr. Kirkpatrick denies the allegations.

33.     Mr. Kirkpatrick denies the allegations in paragraph 33.

34.     Mr. Kirkpatrick denies the allegations in paragraph 34.

35.     Mr. Kirkpatrick admits that he continued to walk down the platform towards Metro Transit Central Base to begin his next route, but otherwise denies the allegations in paragraph 35.

36.     Mr. Kirkpatrick admits he continued to walk down the platform towards Metro Transit Central Base to begin his next shift, but otherwise denies the allegations in paragraph 36.

37.     Mr. Kirkpatrick denies the allegations in paragraph 37.

38.     Mr. Kirkpatrick lacks knowledge of the allegations in paragraph 38, and otherwise denies the same.

39.     Mr. Kirkpatrick lacks knowledge of the allegations in paragraph 39, and otherwise denies the same.

40.     Mr. Kirkpatrick denies the allegations in paragraph 40.

41.     Mr. Kirkpatrick denies the allegations in paragraph 41.

42.     Mr. Kirkpatrick lacks knowledge of Deputy Azevedo's purpose, but otherwise admits the allegations in paragraph 42.

43.     Mr. Kirkpatrick lacks knowledge of Deputy Azevedo's purpose, but otherwise admits the allegations in paragraph 43.

44.     Mr. Kirkpatrick denies the allegations in paragraph 44.

45.     Mr. Kirkpatrick admits that he was given a citation. Mr. Kirkpatrick lacks knowledge of the remainder of the allegations in paragraph 45, and otherwise denies the same.

46.     Mr. Kirkpatrick denies the allegations in paragraph 46.

PLAINTIFF KELVIN KIRKPATRICK'S REPLY AND AFFIRMATIVE
DEFENSE TO DEFENDANT STEVEN AZEVEDO'S
COUNTERCLAIM - 4
No. 2:19-cv-01566-RAJ-BAT
11890.00/ak26010f

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

47.     Mr. Kirkpatrick denies the allegations in paragraph 47 and Deputy Azevedo's Counterclaim brought pursuant to RCW 4.24.350.

48.     Mr. Kirkpatrick denies the allegations in paragraph 48 and Deputy Azevedo's Counterclaim brought pursuant to RCW 4.24.350.

## II.    AFFIRMATIVE DEFENSES

1.     Defendant Azevedo's Counterclaim under 4.24.350 fails to state a claim upon which relief can be granted.

2.     Mr. Kirkpatrick's Complaint in this action constitutes a complaint to a governmental agency as defined by RCW 4.24.510. Mr. Kirkpatrick is absolutely immune from Defendant Azevedo's state-law-based Counterclaim under RCW 4.24.510.

3.     RCW 4.24.350 is preempted by federal law. Federal law governs the assessment of costs, fees, and damages in civil rights actions brought under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988. The state law provisions that are the basis for Defendant Azevedo's Counterclaim under RCW 4.24.350(2) permits costs, fees, and damages to be assessed against civil rights plaintiffs on grounds, and to an extent, that exceed the terms and limits provided by federal law.

4.     Mr. Kirkpatrick's Complaint in this action constitutes a petition to this Court for redress of grievances. Mr. Kirkpatrick is absolutely immune from Defendant Azevedo's Counterclaim under the Noerr-Pennington doctrine.

5.     Mr. Kirkpatrick's Complaint is an exercise of his right to freely access this Court. Mr. Kirkpatrick is absolutely immune from Defendant Azevedo's Counterclaim under the common law litigation privilege.

## III.    PRAYER FOR RELIEF

1.     This Court should declare that RCW 4.24.350(2) is preempted by federal law, as applied to federal civil rights claims brought under 42 U.S.C. 1983.

2.     Defendant Azevedo's Counterclaim brought under RCW 4.24.350 should be dismissed with prejudice.

3.     Mr. Kirkpatrick should be awarded the reasonable costs and attorney's fees he has

PLAINTIFF KELVIN KIRKPATRICK'S REPLY AND AFFIRMATIVE DEFENSE TO DEFENDANT STEVEN AZEVEDO'S COUNTERCLAIM - 5

No. 2:19-cv-01566-RAJ-BAT
11890.00 ak26010l

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1    incurred in defending against this Counterclaim, and statutory damages in the amount of $10,000

2    under RCW 4.24.510.

3            4.      Mr. Kirkpatrick should be afforded such other relief as the Court deems just and

4    equitable.

5

6            DATED this 9th day of December, 2019.

7

8                                            MacDONALD HOAGUE & BAYLESS

9

10                                   By:     /s/Joe Shaeffer
                                             Joe Shaeffer, WSBA #33273
11                                           joe@mhb.com
                                             Timothy K. Ford, WSBA #5986
12                                           timf@mhb.com
                                             705 Second Avenue, Suite 1500
13                                           Seattle, WA 98104
                                             Phone: (206) 622-1604
14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF KELVIN KIRKPATRICK'S REPLY AND AFFIRMATIVE
DEFENSE TO DEFENDANT STEVEN AZEVEDO'S
COUNTERCLAIM - 6

No. 2:19-cv-01566-RAJ-BAT
11870.00\da260101

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify under penalty of perjury under the laws of the United States that on the
9th day of December, 2019, I electronically filed the foregoing **Plaintiff Kelvin Kirkpatrick's**

4   **Reply and Affirmative Defense to Defendant Steven Azevedo's Counterclaim** using the
Court's ECF system which will send notice of such filing to:

5

6        Geoffrey M Grindeland        geoff@seamarklaw.com, julie@seamarklaw.com,
         lisa@seamarklaw.com

7        Nicole C Carsley        nikki@seamarklaw.com, julie@seamarklaw.com,
         lisa@seamarklaw.com

8

9                                    /s/*Joe Shaeffer*
                                     Joe Shaeffer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF KELVIN KIRKPATRICK'S REPLY AND AFFIRMATIVE
DEFENSE TO DEFENDANT STEVEN AZEVEDO'S
COUNTERCLAIM - 7
No. 2:19-cv-01566-RAJ-BAT
1189\06\mk26010l

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961